# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| TAMMY SHELTON,<br><br>                           Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>                           Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:17CV103DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Chipotle Mexican Grill, Inc.'s Motion to Dismiss [Docket No. 13]. The court concludes that a hearing would not significantly aid the court in its determination of the motion. Having carefully considered the memoranda submitted by the parties and the law and facts relating to the motions, the court issues the following Memorandum Decision and Order.

## ANALYSIS

Chipotle moves to dismiss Shelton's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. A Rule 12(b)(1) motion to dismiss requires a court to "address jurisdiction issues at the beginning of [the] case and, if jurisdiction is lacking, dismiss the case immediately." *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). It is the plaintiff's burden to establish the court's subject matter jurisdiction over her claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104

(1998). A facial attack on the complaint's allegations puts into question the "underlying sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

In this case, Chipotle facially challenges whether Shelton's Complaint sufficiently demonstrates standing to pursue a Title III case under the Americans with Disabilities Act ("ADA"). Standing is a jurisdictional matter. *Steel Co.*, 523 U.S. at 103. Failure to establish the standing requirements deprives a court of jurisdiction to hear the suit. *Id.*

In ADA Title III cases, a plaintiff must establish standing to pursue the claim by pleading facts supporting three elements: "a plaintiff must suffer an 'injury in fact' that is actual or imminent; the injury must be fairly traceable to the challenged action of the defendant; and it must be likely that the injury will be redressed by the relief requested." *Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210-11 (10th Cir. 2014). An ADA plaintiff may establish injury-in-fact traceable to a defendant's conduct by pleading facts establishing that the violation of ADA standards relates to the plaintiff's disability and impairs the plaintiff's "full and equal access" to the facility. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2010). A plaintiff fails to satisfy this pleading requirement where she "never alleges what those barriers were and how [her] disability was affected by them so as to deny [her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Id.*

In this case, Shelton alleges that she uses a wheelchair for her disability and Chipotle has violated ADA design standards by placing a mirror more than 40 inches off the ground. However, the Complaint does not specify where the mirror is located, how the placement of the mirror relates to Shelton's disability, whether Shelton is fully confined to the wheelchair, or how the mirror height impairs her full and equal access at Chipotle. These deficiencies fail to allege

an injury-in-fact. Plaintiff attempts to provide additional information relevant to her disability and the ADA barriers in a declaration filed in support of her opposition memorandum. However, the court agrees with the court in *Kelley v. Chipotle Mexican Grill*, No. 2:17cv689DBP, Slip. Op. 5-6 (D. Utah Jan. 9, 2018), that "under a facial attack, the proper avenue for incorporation of information critical to standing is through an amended pleading."

The court concludes that, as currently pleaded, Shelton's Complaint fails to sufficiently establish standing. Accordingly, Chipotle's Motion to Dismiss [Docket No. 13] is GRANTED WITHOUT PREJUDICE. The court grants Shelton twenty (20) days from the date of this Order to submit an Amended Complaint.

DATED this 17th day of January, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge